IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES OWENS, NICHOLAS HUGHES, §
*et al.*, on behalf of themselves and all others §
similarly situated, §
§
    Plaintiffs, §
§
V. §    CIVIL ACTION NO. 4:12-cv-00520
§
MIDAMERICA MORTGAGE, INC. F/K/A §
SCHMIDT MORTGAGE COMPANY, §
JEFFREY E. BODE AND MICHAEL §
KENNEMER, §
§
    Defendants. §

## PLAINTIFFS' COMPLAINT

Plaintiffs Charles Owens, Nicholas Hughes, Anthony Jared White, Leah Stanger, Milton Moody, Nicolas Phillips, Shane Guillory, Graham Dodson, Carolyn Knigge, and Clayton Gray ("Plaintiffs"), on behalf of themselves and others similarly situated, file this Complaint against MidAmerica Mortgage, Inc., formerly known as Schmidt Mortgage Company ("MidAmerica"), Jeffrey E. Bode ("Bode"), and Michael Kennemer ("Kennemer") (collectively "Defendants"), showing the Court as follows:

## INTRODUCTION

1.    Defendants misclassified Plaintiffs and Members of the Class as "exempt" from overtime under the Fair Labor Standards Act ("FLSA"),[1] and, as result, deprived them all of overtime pay to which they are entitled under the Act. Plaintiffs bring this collective action suit to recover unpaid overtime wages due to them and similarly situated employees.

---

[1] 29 U.S.C. § 201, *et seq.*

## THE PARTIES AND JURISDICTION

**A.      Plaintiffs**

2.      Plaintiff Charles Owens is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

3.      Plaintiff Nicholas Hughes is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

4.      Plaintiff Anthony Jared White is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

5.      Plaintiff Leah Stanger is a natural person residing in Montgomery County, Texas. She was employed by Defendants within the three years of the filing of this lawsuit. She has standing to file this lawsuit.

6.      Plaintiff Milton Moody is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

7.      Plaintiff Nicolas Phillips is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

8.      Plaintiff Shane Guillory is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

9.     Plaintiff Graham Dodson is a natural person residing in Montgomery County, Texas.  He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

10.     Plaintiff Carolyn Knigge is a natural person residing in Montgomery County, Texas.  She was employed by Defendants within the three years of the filing of this lawsuit. She has standing to file this lawsuit.

11.     Plaintiff Clayton Gray is a natural person residing in Montgomery County, Texas. He was employed by Defendants within the three years of the filing of this lawsuit.  He has standing to file this lawsuit.

**B.     The Defendants**

12.     Defendant MidAmerica is an Ohio corporation with its headquarters in Addison, Texas.  Its registered agent is Jeffrey E. Bode at 15301 Spectrum Drive, Suite 405, Addison, Texas 75001.   Within the past three years, it was formerly known as Schmidt Mortgage Company and, before that, Moncor Mortgage.

13.     Defendant Bode is the President of MidAmerica.  He is a natural person who resides in Dallas County, Texas.  He is involved in the hiring and firing of the company's employees, day-to-day operations of MidAmerica as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by MidAmerica employees; MidAmerica's finances; and corporate decisions, including decisions on whether to pay overtime to employees.

14.     Defendant Kennemer is the Chief Financial Officer of MidAmerica.  He is a natural person who resides in Dallas County, Texas.  He is involved in the hiring and firing of the company's employees, day-to day operations of MidAmerica they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by

MidAmerica employees; MidAmerica's finances; and corporate decisions, including decisions on whether to pay overtime to employees.

**C.      Putative Class**

15.     The "Members of the Class" are all current and former employees of Defendants who were paid on a commission basis only, and/or who were paid a guaranteed minimum wage as a draw against commissions in the past three years.  All of the "Members of the Class" are similarly situated to Plaintiffs and to one another, within the meaning of section 216(b) of the FLSA.

16.     All Plaintiffs have filed consent forms to join this action.  They are attached as Exhibit A.

**D.      Jurisdiction and Venue**

17.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction.  For several years, Defendants have done business in the State of Texas, as well as within this district.

18.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, specifically the FLSA.

19.     The Court has venue over this matter because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, many of the unlawful employment practices alleged in this case occurred in this district, and there are employment records relevant to Plaintiffs' claims maintained and administered by Defendants in this district. 28 U.S.C. § 1391(b); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).

## FACTUAL AND LEGAL BACKGROUND

20.     Plaintiff Owens was the Regional Production Manager for Defendants.  Plaintiff Hughes was an Account Executive for Defendants.   Plaintiff Moody was a Group Manager for Defendants.  The remaining Plaintiffs are former mortgage loan officers of Defendants.

21.     All Plaintiffs typically, regularly, and customarily worked in an office, whether it be Defendants' physical location or at their home office.

22.     They did not customarily and regularly make sales at a customer's place of business or at a customer's home.

23.     Plaintiffs typically worked a significant amount of overtime.  So did Members of the Class.

24.     On March 24, 2010, the U.S. Department of Labor's Wage and Hour Division published Administrator's Interpretation No. 2010-1, which explained that mortgage loan officers typically did not meet the FLSA's administrative exemption requirement.

25.     Plaintiffs were all paid on a commission basis at this time.

26.     Despite the DOL's issuance of Administrator Interpretation 2010-1, Defendants did not immediately change their pay structure.

27.     Instead, starting January 1, 2011, Defendants began paying some or all of the Plaintiffs and similarly situated employees a guaranteed minimum wage, which basically acted like a draw against commissions.  The guaranteed minimum wage rate was less than $455 per week.

28.     Before January 1, 2011, Defendants never paid them overtime, no matter how many hours they worked.  After January 1, 2011, Defendants did not pay overtime, even though they knew or should have known that Plaintiffs regularly and consistently worked more than 40 hours a week.

29.     In the past three years, each Plaintiff was paid either (a) on a pure commission basis, (b) on a commission basis with a guaranteed minimum hourly wage plus commissions or as a draw against earned commissions, or (c) a mixture of both (a) and (b).  All Plaintiffs were on a pure commission basis until January 1, 2011.  After that, some or all of them moved to a commission basis with a guaranteed minimum hourly wage.

30.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must provide compensation for all hours in excess of 40 at a rate of not less than one and one-half times the employee's regular rate. *See* 29 U.S.C. § 207(a)(1). There are some exemptions to this rule.  Under the law, those exemptions are narrowly construed, and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

31.     Defendants are not entitled to rely on any exemption potentially applicable to Plaintiffs Owens, Hughes, and Moody, because each of these people were not compensated in the manner required by the FLSA's implementing regulation.

32.     In order to avail themselves of the executive or administrative exemptions, Defendants were required to pay Plaintiffs Owens, Hughes, and Moody "on a salary basis at a rate of not less than $455 per week … exclusive of board, lodging or other facilities."  29 C.F.R. Part 541.100(a)(1) (executive exemption requirement); 29 C.F.R. Part 541.200(a)(1) (administrative exemption requirement).

33.     Nor are Defendants entitled to rely on the FLSA's "Highly Compensated Employees" exemption because Plaintiffs Owens, Hughes, and Moody were not paid "at least $455 per week paid on a salary or fee basis."  29 C.F.R. Part 541.601(b)(1).

34.     Defendants cannot rely on any potentially applicable exemption for the other Plaintiffs (all of whom were loan officers) for several reasons.  First, none of them were paid on a salary or fee basis at a rate of not less than $455 per week, so the administrative, executive, and highly compensated employee exemptions are inapplicable.  Moreover, these people did not meet the duties test of bona fide executive, administrative, or highly compensated employees.

35.     No exemption from overtime applies to them.

36.     The regulations cited above have been in existence for many years, and Defendants' fundamental failure to follow the FLSA demonstrates bad faith and willfulness.

### FLSA CLAIM FOR OVERTIME PAY

37.     This action is authorized and instituted pursuant to the FLSA.  29 U.S.C. § 201, *et. seq.*

38.     All conditions precedent, if any, to this suit, have been fulfilled.

39.     At all material times, Plaintiffs were employees under the FLSA within the three years of the filing of this lawsuit. 29 U.S.C. § 203(e).

40.     At all material times, Members of the Class were and are similarly situated to Plaintiffs were and are employees under the FLSA within the three years of the filing of this lawsuit.  29 U.S.C. § 203(e).

41.     At all material times, Defendants are eligible and covered employers under the FLSA.  29 U.S.C. § 203(d).

42.     At all material times, Plaintiffs and Members of the Class routinely worked in excess of 40 hours per seven-day workweek.

43.     At all material times, Plaintiffs and Members of the Class routinely worked in excess of 40 hours per seven-day workweek and Defendants knew that.

44. At all material times, Plaintiffs and Members of the Class were and are entitled to overtime compensation for hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(a)(1).

45. At all material times, Defendants failed to pay Plaintiffs and Members of the Class overtime compensation for hours worked over 40 in a seven-day workweek.

46. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness). As indicated above, Defendants knew or should have known of the FLSA's requirements to pay certain workers overtime, and they failed to follow the law.

47. Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The purpose of liquidated damages is to "compensate an employee for delay in payment." *Reich v. Helicopter Servs., Inc.*, 8 F.3d 1018, 1031 (5th Cir. 1993) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)). A court generally must award the full amount of actual damages as liquidated damages. *Singer*, 324 F.3d at 822–23. If the court concludes that the employer acted in good faith and had reasonable grounds for believing that the conduct did not violate the FLSA, the court may "award no liquidated damages or any amount" up to actual damages. 29 U.S.C. § 260; 29 C.F.R. § 790.22(b); *Singer*, 324 F.3d at 822–23.

48. It is the employer's burden to prove good faith and reasonableness. *Lee v. Coahoma County, Miss.*, 937 F.2d 220, 227 (5th Cir. 1991); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 925 (E.D. La. 2009). If the jury concludes that the employer has willfully violated the FLSA, the employer cannot demonstrate good faith, and the court must award

liquidated damages in the full amount. *Singer*, 324 F.3d at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)); *Lee*, 937 F.2d at 226. But "[a] finding that defendant's actions were not willful does not preclude a finding that defendant did not act in good faith and on reasonable grounds." *Johnson*, 604 F. Supp. 2d at 926 (citing *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008) ("Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present.")).

49. The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 323; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Id.* (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption ... in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm...." *Id.* (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA).

50. Defendants cannot prove "good faith." *See, e.g., Riddle v. Tex-Fin, Inc.*, Civil Action No. H–08–31212011, WL 1103033, at *4 (S.D. Tex. Mar. 22, 2011) (awarding liquidated damages in FLSA case even where the jury did not find the violation to be willful); *Tran v. Thai*,

NO. CIV.A. H-08-3650, 2010 WL 5232944, at *6 (S.D. Tex. Dec. 16, 2010) (granting summary judgment for the plaintiff in an FLSA case on the question of "good faith," stating "though the defendants conducted internet research once to determine whether a receptionist was covered by the FLSA and were unsure as to whether they had sufficient gross revenue to be an employer under the FLSA, the defendants have identified no evidence of any specific and ongoing efforts to comply with the FLSA. The plaintiffs are entitled to summary judgment on this defense."); *Bolick v. Mgmt. by Skylane, LLC*, Civ. A. No. H-07-2261, 2008 WL 4589961 (S.D. Tex. Oct. 14, 2008) (testimony from executive that his company "has always endeavored to comply with the terms of all applicable state and federal laws, including the [FLSA]" was insufficient to withstand plaintiffs' motion for summary judgment on liquidated damages because there was "no evidence of any specific ongoing efforts by defendant to comply with the FLSA.").

51.     The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." *See* 29 U.S.C. § 216(b). *See, e.g., Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n. 25 (5th Cir. 2006) (affirming attorney's fees award in FLSA case of over $100,000.00).

52.     Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA misclassification case).

53.     Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of:

> "all current and former employees of Defendants who were paid on a commission basis only, and/or who were paid a guaranteed minimum wage as a draw against commissions in the past three years."

**DAMAGES AND PRAYER**

Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

a.    Actual damages in the amount of unpaid overtime wages under the FLSA;

b.    Liquidated damages under the FLSA;

c.    Prejudgment and postjudgment interest;

d.    Court costs;

e.    Reasonable attorneys' fees under the FLSA; and

f.    All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled under the FLSA.

Respectfully submitted,

OBERTI SULLIVAN LLP

By:    s/ Mark J. Oberti
       Mark J. Oberti
       State Bar No. 00789951
       S.D. Texas No. 17918
       723 Main Street, Suite 340
       Houston, TX 77002
       (713) 401-3555 – Telephone
       (713) 401-3547 – Facsimile

       ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

OBERTI SULLIVAN LLP
723 Main Street, Suite 340
Houston, TX 77002
(713) 401-3555 – Telephone
(713) 401-3547 – Facsimile

John R. Krugh
John R. Krugh, P.C.
State Bar No. 11742200
S.D. Texas No. 4570
1800 Bering Drive, Suite 310
Houston, TX 77057-3170
(713) 840-9414 – Telephone
(713) 583-5499 – Facsimile

ATTORNEYS FOR PLAINTIFFS